IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HAROLD D. LATIN                                                                                       PLAINTIFF

v.                                        Civil No. 4:19-cv-04003

SHERIFF DANNY MARTIN, Nevada County,
Arkansas; JAILOR ASHLEY; JAILER TOMMI;
JAILER KAREN; and JOHN DOE STAFF MEMBERS                        DEFENDANTS

## **ORDER**

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on January 14, 2019. (ECF No. 1). Before the Court is Plaintiff Harold D. Latin's failure to obey an order of the Court.

After a review of the Complaint, the Court determined that Plaintiff had not clearly stated how each Defendant violated his federal constitutional rights and that some of his claims may be frivolous. In addition, it appeared that Plaintiff named some Defendants whom he claimed were witnesses. For these reasons, the Court entered on order on January 23, 2019, directing Plaintiff to submit an Amended Complaint by February 14, 2019. (ECF No. 5). The order informed Plaintiff that failure to submit an Amended Complaint by the Court's imposed deadline would result in summary dismissal of the complaint for failure to obey an order of the Court. The order was mailed to Plaintiff's address of record—Nevada County Jail, 215 West 3rd Street S, Prescott, Arkansas 71857. To date, the order has not been returned to the Court as undeliverable and Plaintiff has not submitted an Amended Complaint.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 4th day of March, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge